IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHARLES JOHN SINEGAR, | § § | |
| *Plaintiff*, | § § § | |
| v. | § § | CIVIL ACTION 19-3186 |
| BRYAN COLLIER, | § § § | |
| *Defendant*. | § § | |

### MEMORANDUM OPINION AND ORDER

Plaintiff Charles John Sinegar, a state inmate proceeding *pro se* and *in forma pauperis*, filed a section 1983 lawsuit against Texas Department of Criminal Justice ("TDCJ") Executive Director Bryan Collier for unlawful conditions of confinement. Defendant Collier filed a motion for summary judgment on March 30, 2020, and served plaintiff a copy of the motion at his address of record that same date. (Docket Entry No. 14.) Despite expiration of a reasonable period of time of over four months, plaintiff has failed to respond to the motion for summary judgment, and the motion is deemed uncontested.

Having considered the motion, the pleadings, the record, matters of public record, and the applicable law, the Court GRANTS the motion for summary judgment and DISMISSES this lawsuit for the reasons explained below.

### *Background and Claims*

Plaintiff claims that he suffered two heart attacks, one at the Hamilton Unit and another at the Pack Unit. He provides no dates for these events, but claims that they were

caused by defendant Collier's failure to protect him from dangerous prison temperatures. He seeks $20 million in damages.

Defendant Collier argues that plaintiff failed to exhaust his administrative remedies prior to filing suit and that his claims are barred by Eleventh Amendment immunity.[1]

### *Analysis*

#### *Eleventh Amendment Immunity*

Plaintiff alleges that defendant Collier is liable in his administrative capacity. The Court construes plaintiff's allegation as a claim against Collier in his official capacity.

Defendant Collier correctly argues that plaintiff's claims for monetary damages are barred by the Eleventh Amendment. Neither a state nor a state official sued in his official capacity for damages is a "person" for purposes of liability under section 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66 (1989). Moreover, a lawsuit for monetary damages against a state official in his official capacity is not a suit against that individual, but rather is a suit against the state itself. *Id*. The Eleventh Amendment bars such suits against a state unless the state has waived its immunity or Congress has abrogated immunity pursuant to its power under the Fourteenth Amendment.

Neither Congress nor the State of Texas has waived Eleventh Amendment immunity with regard to section 1983. Section 1983 provides a federal forum to remedy the violation

---

[1] Because summary judgment can be granted on these two grounds, the Court will not address the other grounds raised by defendant Collier in his motion.

Case 4:19-cv-03186   Document 15   Filed on 08/21/20 in TXSD   Page 3 of 4

of constitutional rights, but "it does not provide a federal forum for litigants who seek to remedy against a state for alleged deprivations of civil liberties." *Will*, 491 U.S. at 66.

Defendant Collier is entitled to summary judgment dismissal of plaintiff's claims for monetary damages against him in his official capacity, and the claims are DISMISSED WITH PREJUDICE.

*Failure to Exhaust*

Defendant Collier further contends that plaintiff did not exhaust his TDCJ step 1 and step 2 administrative remedies regarding his claims prior to bringing this lawsuit.

Under 42 U.S.C. § 1997e(a), no lawsuit "shall be brought with respect to prison conditions under section 1983" by a prisoner until such administrative remedies as are available are exhausted. This provision requires a prisoner to exhaust available administrative remedies prior to filing a section 1983 lawsuit against prison officials or employees. *Jones v. Bock*, 549 U.S. 199, 211 (2007); *Porter v. Nussle*, 534 U.S. 516, 524 (2002). The Supreme Court has held that the exhaustion requirement requires "proper exhaustion," meaning that a prisoner must complete the administrative review process in accordance with the agency's applicable rules, including deadlines, as a precondition to bringing suit in federal court. *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). The Fifth Circuit Court of Appeals requires a "strict approach" to the exhaustion requirement. *Days v. Johnson*, 322 F.3d 863, 866 (5th Cir. 2003).

Defendant's probative summary judgment evidence establishes that plaintiff filed no administrative grievances with TDCJ officials from January 2017 to November 2019.

3

Plaintiff filed this lawsuit in August 2019. Consequently, plaintiff filed no administrative grievances within two and one-half years prior to bringing this lawsuit.

Plaintiff alleged in his complaint that copies of his step 1 and step 2 grievances exhausting his claims were filed in *Cole v. Collier*, C.A. No. H-14-CV-1698 (S.D. Tex.). Plaintiff did not direct the Court to any docketing location in *Cole* where his grievances can be found, and a careful review of the *Cole* docket reveals no such grievances.

The probative summary judgment evidence establishes that plaintiff did not exhaust his administrative remedies through the TDCJ grievance system prior to filing this lawsuit. Defendant Collier is entitled to summary judgment dismissal of plaintiff's claims against him predicated on failure to exhaust.

## *Conclusion*

Defendant Bryan Collier's motion for summary judgment (Docket Entry No. 14) is GRANTED and this lawsuit is DISMISSED WITH PREJUDICE. Any and all pending motions are DISMISSED AS MOOT.

Signed at Houston, Texas on August 21, 2020.

_____
Gray H. Miller
Senior United States District Judge